NO. 07-06-0403-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 7, 2006


 ______________________________



FRANK GARCIA, APPELLANT



V.



LYDIA GOMEZ, APPELLEE


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-523,605; HONORABLE RUBEN REYES, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR REHEARING


 By opinion and judgment dated October 31, 2006, we dismissed this appeal
pursuant to Texas Rule of Appellate Procedure 42.3(c) because appellant failed to
respond, by the deadline we set, to our letter advising that the appellate filing fee had not
been paid and the docketing statement had not been filed. Garcia v. Gomez, No. 07-06-0403-CV, 2006 WL 3079002, (Tex.App.-Amarillo October 31, 2006, no pet.). On
November 3, 2006, appellant filed an amended notice of appeal, accompanied by the
docketing statement, the filing fee and a motion for rehearing. Tex. R. App. P. 49.1. 
Although the unverified motion for rehearing gives no details but refers only to
"inefficiencies," counsel states in the motion that the omissions that led us to dismiss the
appeal were solely his fault. See Tex. R. App. P. 10.2(c). Appellee has submitted a
response opposing the motion for rehearing. (1) In the interests of justice, (2) we grant
appellant's motion. Our October 31 opinion is withdrawn and our judgment of the same
date is vacated. The appeal is reinstated on the Court's docket. 

 On or before January 5, 2007, appellant's counsel shall certify in writing to the clerk
of this Court that appellant has met the requirements of Texas Rule of Appellate Procedure
35.3(a)(2) and, if a reporter's record is to be filed, Texas Rules of Appellate Procedure
35.3(b)(2) and (b)(3). Failure to provide the certification may result in dismissal of the
appeal without further notice from the Court. Tex. R. App. P. 42.3(b), (c).

 The clerk's record, and any reporter's record, shall be filed on or before January 12,
2007, and the parties' briefs shall be due in accordance with Texas Rule of Appellate
Procedure 38.6. 

 It is so ordered. 

 Per Curiam

1. Appellee's response contends appellant's failure to pay the filing fee and file the
docketing statement constitute a failure to perfect the appeal. Appellant perfected appeal
by his timely-filed notice of appeal, invoking our jurisdiction over the appeal. Tex. R. App.
P. 25.1(a), (b). 
2. In a reply to appellee's response, appellant adds the contention that our October
31, 2006 dismissal of the appeal was contrary to Rule of Appellate Procedure 44.3. We
reject this contention. Our October 10 letter to appellant clearly provided the ten days'
notice required by Rule 42.3. The Court did not dismiss the appeal following the ten-day
period discussed in the letter, but waited an additional eleven days to do so.